IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AUTO USA, INC.
*Plaintiff*,

v.

DHL EXPRESS (USA), INC.
*Defendant*.

Civil Action No. ELH-16-3580

**MEMORANDUM**

On July 29, 2016, plaintiff Auto USA, Inc. ("Auto USA") filed suit against defendant DHL Express (USA), Inc. ("DHL") in the Circuit Court for Baltimore County, arising out of a dispute with respect to the parties' Commercial Shipping Agreement (the "Agreement"), executed on or about November 2, 2015. ECF 2. Auto USA appended numerous exhibits to the Complaint. *See* ECF 2-1 through ECF 2-9. DHL timely removed the case to this Court on October 28, 2016, based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441, and 1446. ECF 1.[1]

Under the Agreement, DHL agreed "to handle Auto USA's international commercial shipping business needs" for three years. ECF 2, ¶ 5; *see* ECF 2-1 (Agreement). The Agreement also provides for an incentive to plaintiff. ECF 2-1 at 4, ¶ G. However, plaintiff maintains the incentive in the Agreement is not consistent with the parties' negotiated terms for a 20% rebate. ECF 2, ¶¶ 8-12; ECF 2-1 at 4, ¶ G. DHL refuses to honor the 20% rebate. ECF 2, ¶ 14.

The Complaint contains seven counts, as follows: intentional misrepresentation (Count I); negligent misrepresentation (Count II); unfair or deceptive trade practices (Count III);

---

[1] According to the Notice of Removal, Auto USA is a Maryland corporation with its principal place of business in Maryland, and DHL is an Ohio corporation with its principal place of business in Florida. *See* ECF 1 at 3. The Complaint seeks damages in excess of $75,000. *See, e.g.*, ECF 2 at 7.

constructive fraud (Count IV); intentional misrepresentation – concealment or non-disclosure (Count V); intentional misrepresentation – false representation (Count VI); and intentional misrepresentation – fraudulent inducement (Count VII).  *See* ECF 2 ¶¶ 16-64.

Now pending is DHL's Motion to Dismiss (ECF 5), pursuant to Fed. R. Civ. P. 12(b)(6). The motion is supported by a memorandum (ECF 5-1, collectively "Motion") and an exhibit. ECF 5-2.  Auto USA has responded in opposition (ECF 11, "Opposition"), and DHL has replied. ECF 12 ("Reply").

The Motion is fully briefed and no hearing is necessary to resolve it.  *See* Local Rule 105.6.  For the reasons that follow, I shall grant the Motion.

## I.      Standard of Review

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6).  *Goines v. Valley Cmty, Servs, Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, ___ U.S. ____, 133 S. Ct. 1709 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."  Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2).  It provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief.  *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see*

*Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011).  But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2).  *Twombly*, 550 U.S. at 555.  Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."  *Johnson v. City of Shelby*, ___ U.S. ____, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).  If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient.  *Twombly*, 550 U.S. at 555.  Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely."  *Twombly*, 550 U.S. at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'"  *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011).  But, a court is not required to accept legal conclusions drawn from the facts.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).  "A court decides whether [the pleading] standard is met by separating

the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, ___ U.S. ____, 132 S. Ct. 1960 (2012).

In general, courts do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The purpose of the rule is to ensure that defendants are "given adequate notice of the nature of a claim" made against them. *Twombly*, 550 U.S. at 555–56 (2007). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 533 F.3d 334, 336 (4th Cir. 2009); *see also U.S. ex rel. Oberg v. Penn. Higher Educ. Assistance Agency*, 745 F.3d 131, 148 (4th Cir. 2014). However, because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis added in *Goodman* ).

Under limited exceptions, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). A court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . ." *Goines*, 822 F.3d at 166 (citations omitted); *see U.S. ex rel.*

*Oberg*, 745 F.3d at 136 (quoting *Philips v. Pitt Cty Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).   A court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity."   *Goines*, 822 F.3d at 166 (citations omitted).   To be "integral," a document must be one "that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167 (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998)).   "When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167.   Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id.*

In addition, "a court may properly take judicial notice of 'matters of public record' and other information that, under Fed. R. Evid. 201, constitute 'adjudicative facts.'" *Goldfarb*, 791 F.3d at 508; *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322

(2007); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011); *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).  Pursuant to Fed. R. Evid. 201, a court may take judicial notice of adjudicative facts if they are "not subject to reasonable dispute," in that they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."   And, courts may take judicial notice of publicly available records without converting a motion to dismiss to a motion for summary judgment. *See, e.g.*, *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) ("[C]ourts are permitted to consider facts and documents subject to judicial notice without converting the motion to dismiss into one for summary judgment.").

Pertinent to this case, a "court may take judicial notice of information found on [the Maryland State Department of Assessments and Taxation's] website."  *White v. Lexington Court Apartments, LLC*, No. CV DKC 16-0427, 2016 WL 1558340, at *3 n.4 (D. Md. Apr. 18, 2016).

## II.    Discussion

In the Motion, DHL argues, *inter alia*, that Auto USA cannot maintain this suit because, even though Auto USA is now a corporation in good standing with the Maryland Department of Assessments and Taxation ("SDAT"), Auto USA was not in good standing when it filed the suit. At that time, Auto USA's corporate charter had been forfeited.  ECF 5; ECF 12.  The parties agree that Auto USA was not in good standing when the suit was filed, but they disagree as to whether the subsequent revival of Auto USA's corporate charter in November 2016 applies retroactively, so as to validate the filing of the suit.

In diversity cases, federal courts apply federal procedural law and the substantive law of the state in which the proceeding is brought.  *See, e.g.*, *Erie R.R. v. Tompkins*, 304 U.S. 64, 78

(1938); *Leichling v. Honeywell Intern., Inc.*, 842 F.3d 848, 851 (4th Cir. 2016); *see also Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 74 (4th Cir. 2016) ("Under the familiar *Erie* doctrine, we apply state substantive law and federal procedural law when reviewing state-law claims."). Here, Fed. R. Civ. P. 17(b)(2) is pertinent. It provides that the "[c]apacity to sue or be sued is determined . . . for a corporation . . . by the law under which it was organized." *Id.* Because Auto USA was incorporated in Maryland, its capacity to sue is governed by Maryland law. *See id.*; *see also*, *Barner v. Thompson/Ctr. Arms Co. Inc.*, 796 F.3d 897, 903 (8th Cir. 2015) ("[S]ince [defendant] was a New Hampshire corporation, we will apply New Hampshire law to determine whether [defendant] can be sued."); *Williams v. Bd. of Educ. of City of Chicago*, 506 Fed. App'x 517, 519 (7th Cir. 2013) ("Under the Illinois corporate-survival statute, which governs Majestic's capacity to sue in federal court, *see* Fed. R. Civ. P. 17(b)(2), the company had only five years after its dissolution to bring any remaining claims."); *Quattlebaum v. Bank of Am., N.A.*, TDC-14-2688, 2015 WL 1085707, at *2 (D. Md. Mar. 10, 2015) ("Dell was incorporated in Maryland, so its capacity to be sued now that it has dissolved is governed by Maryland law.").

Having determined that Maryland law applies to the case, I turn to consider whether Auto USA had the capacity to file suit and, if it did not, whether the subsequent revival of its corporate charter retroactively validates the suit.

In its Opposition, Auto USA expressly concedes that its charter was forfeited at the time it initiated the lawsuit. ECF 11 at 6. I also take judicial notice of the fact that SDAT forfeited Auto USA's corporate charter on October 1, 2015, many months before the suit was filed here. *See* SDAT, *Business Entity Search*: "Auto USA, Inc.", *available at*: https://go.usa.gov/xX3g9. And, I also take notice that SDAT accepted Auto USA's articles of revival on November 14,

2016.  *Id.*  Thus, Auto USA is now in good standing with SDAT, although its charter had been forfeited when Auto USA initiated this lawsuit.  *Id.*; *see* ECF 2.

Maryland Code (2014 Repl. Vol., 2016 Supp.), § 3-503(d) of the Corporations & Associations Article ("C.A.") provides that after SDAT has declared a corporate charter forfeited, "the powers conferred by law on the corporations are inoperative, null, and void . . . ." *See Tri-Cnty. Unlimited, Inc. v. Kids First Swim Sch. Inc.*, 191 Md. App. 613, 621, 993 A.2d 146, 150, *cert. denied*, 415 Md. 43, 997 A.2d 792 (2010); *see also Hill Const. v. Sunrise Beach, LLC*, 180 Md. App. 626, 636, 952 A.2d 357, 363, *cert. denied*, 406 Md. 192, 957 A.2d 999 (2008) (observing that when a corporation's charter is forfeited at the outset of litigation or at any time during the maintenance of litigation, the corporation "loses all powers and its actions are null and void").  Thus, the Maryland Court of Appeals has long held that when a corporation's charter is forfeited, it loses the right to sue.  *See, e.g.*, *Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 163, 857 A.2d 1095, 1101 (2004); *Stein v. Smith*, 358 Md. 670, 675, 751 A.2d 504, 507 (2000); *Atlantic Mill & Lumber Realty Co. v. Keefer*, 179 Md. 496, 20 A.2d 178 (1941).

In other words, a suit filed on behalf of a corporation that has had its charter forfeited is "a nullity as a matter of Maryland law."  *Dual*, 383 Md. at 163, 857 A.2d at 1101 (citing *Stein*, 358 Md. at 675, 751 A.2d at 507).  However, plaintiff argues that, by reviving its charter, "all actions performed or done by Auto USA while the charter was void, including filing this instant action are validated."  ECF 11 at 7.

To my knowledge, the Maryland Court of Appeals has not considered whether the revival of a corporation's charter retroactively validates a lawsuit that was initiated while the corporation's charter was forfeited.  But, the decision of the Maryland Court of Special Appeals

in *Tri-County*, 191 Md. App. 613, 993 A.2d 146, makes clear that the revival is not retroactive with respect to the filing of a suit.

In *Tri-County*, as here, the plaintiff corporation filed a lawsuit while its corporate charter was forfeited, but subsequently had its charter revived during the pendency of the litigation. *Id.* at 617, 993 A.2d at 148. Nevertheless, the trial court dismissed the suit because the plaintiff lacked capacity to sue when the complaint was filed. *Id.* at 617-18, 993 A.2d at 148. Plaintiff appealed, arguing that the revival of its corporate charter retroactively restored its right to sue as of the time of the filing of the suit. *Id.*

After reviewing the development of the relevant law, the Court of Special Appeals affirmed the decision of the circuit court. It observed, *id.* at 622, 993 A.2d at 151:

> Tri-County is correct in its broad statement that the revival of a corporation's charter restores its right to sue. Tri-County certainly has the right to initiate a lawsuit now that its charter has been revived and it is a legal entity; in fact, the circuit court instructed Tri-County to re-file its complaint.

The court continued, *id.*:

> The fact that a corporation's right to sue is restored upon revival of its charter, however, is not enough to answer the real question before this Court: whether a corporation can validate a lawsuit that it initiated when its charter was forfeited – and therefore, it legally did not exist – by reviving its charter. After a review of relevant case law, we conclude that the answer is no.

*Cf. Morton v. Schlotzhauer*, 449 Md. 217, 236 n. 12, 144 A.3d 592, 603 (2016) (citing *Tri-County*).

Accordingly, this Court must dismiss the suit because, when Auto USA filed the Complaint, its corporate charter had been forfeited. Therefore, the Complaint was a legal nullity. *Dual*, 383 Md. at 163, 857 A.2d at 1101; *Stein*, 358 Md. at 675, 751 A.2d at 507. And, as the Maryland Court of Special Appeals recognized in *Tri-County*, Auto USA's subsequent revival of

its charter did not serve to validate retroactively a suit that was invalid when filed.  191 Md. App.

622, 993 A.2d at 151.

To be sure, this outcome arguably exalts form over substance, because Auto USA would

be entitled to file another suit, assuming it is not barred by limitations.  *See generally Wood v.

Lucy, Lady Duff-Gordon*, 118 N.E. 214, 215 (N.Y. 1917) (Cardozo, J.) ("The law has outgrown

its primitive stage of formalism when the precise word was the sovereign talisman, and every

slip was fatal."); *cf U.S. ex rel. Palmieri v. Alpharma, Inc.*, No. ELH-10-1601, 2014 WL

1168953 (D. Md. March 21, 2014), *vacated and remanded*, 647 Fed. App'x 166 (4th Cir. 2016)

(reversing district court for permitting plaintiff to proceed on an amended complaint; the district

court was required to dismiss the original complaint even though plaintiff could refile the suit).

But, the Court is required by Rule 17(b)(2) to follow applicable State law.

### III.    Conclusion

In view of the foregoing, I shall grant defendant's Motion to Dismiss, without prejudice

to plaintiff's right to refile its suit.  ECF 5.  In view of this disposition, I decline to address the

remaining grounds in the Motion.

An Order follows, consistent with this Memorandum.


Date:  March 3, 2017                                    /s/
                                             Ellen L. Hollander
                                             United States District Judge